UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ) | MDL NO. 2543 |
| GENERAL MOTORS LLC IGNITION ) | 1:14-md-2543 (JMF) |
| SWITCH LITIGATION ) | |
| ) | HON. JESSE M. FURMAN |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| *Elliott, et al. v.. General Motors LLC, et al.* ) | PURSUANT TO ORDER NO. 29 |
| 1:14-cv-8382-JMF ) | |
| *Sesay et al. v. General Motors LLC et al.,* ) | |
| 1:14-cv- 0618-JMF, and ) | |
| *Bledsoe et al. v. General Motors LLC,* ) | |
| 1:14-cv-7631-JMF ) | |
| ) | |

**OBJECTIONS TO DISMISSAL OF THEIR CLAIMS
BY THE *ELLIOTT*, *SESAY*, AND *BLEDSOE* PLAINTIFFS**

Celestine Elliott, Lawrence Elliott, Berenice Summerville,[1] Ishmail Sesay, Joanne Yearwood,[2] Sharon Bledsoe, Cina Farmer, Paul Fordham, Momoh Kanu, Tynesia Mitchell, Dierra Thomas, and James Tibbs[3] ("Certain Plaintiffs"), Plaintiffs in the above-captioned actions who allege economic loss and property damage and who are not named in either of the Consolidated Complaints submitted at the Court's direction by Lead Counsel,[4] object to the dismissal of their claims. In the event the Court declines their motion for reconsideration of Order No. 29, filed contemporaneously with these objections, Certain Plaintiffs object to

---

[1] Mr. and Mrs. Elliott and Ms. Summerville are named Plaintiffs in *Elliott et al. v. General Motors LLC, et al.*, 14-cv-8382 (JMF).
[2] Mr. Sesay and Ms. Yearwood are named Plaintiffs in *Sesay et al. v. General Motors LLC et al,* 1:14-cv-0618 (JMF).
[3] Mrs. Fordham, Kanu, and Tibbs and Mss. Bledsoe, Farmer, Mitchell and Yearwood, along with Mr. and Mrs. Elliott, are among the named Plaintiffs in *Bledsoe et al. v. General Motors LLC*, 1:14-cv-7631 (JMF).
[4] One Consolidated Complaint is brought by and on behalf of 63 purchasers of GM vehicles prior to the purchase of Old GM's assets by New GM. Doc. No 347, 1:14-md-2543 ("the Pre-Sale Consolidated Complaint"); the other is brought by and on behalf of 68 post-asset sale purchasers. Doc. No. 345 ("the Post-Sale Consolidated Complaint").

1

dismissal of their claims pursuant to the Order because they assert meritorious claims based on facts and legal theories for recovery that are not asserted in the Consolidated Complaints.[5]

While the Order specifically provides for the fate of claims or parties reinstated through the objection process, it makes no specific provision for any parties or claims not so reinstated. Given that there is no provision for other Plaintiffs' counsel to object upon the filing of any amendment by June 4, 2014, and that Plaintiffs cannot know now which claims or parties Lead Counsel may add or subtract, in order to preserve all of their rights, Certain Plaintiffs formally object to the failure of the Consolidated Complaints to include any of their claims whatsoever—to the extent Certain Plaintiffs are not named in those pleadings—and independently object to the failure to include any plausible claim they assert that is distinct from those asserted in the Consolidated Complaints.

The memorandum of law filed contemporaneously with these objections summarizes the factual and legal allegations of the *Elliott*, *Sesay*, and *Bledsoe* lawsuits and those of the two Consolidated Complaints. *See* Memorandum of Law In Support of Reconsideration of Order No. 29 by the Elliott, Sesay, and Bledsoe Plaintiffs, 1:14-md-2543, Doc. No. 492 at 8-16. Plaintiffs incorporate by reference those descriptions and limit this filing to a description of the claims they assert or may seek to assert in the future that are not asserted in the Consolidated Complaints on behalf of other parties.

**Distinct Factual Allegations:**

1) Certain Plaintiffs seek to recover for various safety related hazards, in addition to the "*ignition switch related*" hazards that are the exclusive ground for relief in the Pre-Sale Consolidated Complaint and the "*ignition switch*" hazards that are the only differentiated

---

[5] Order No. 29 does not define "good cause." In their Objections, Certain Plaintiffs highlight the differences between their claims and those asserted in the Consolidated Complaints, in the event that the standard may reflect concern with pleadings presenting duplicative legal issues.

2

hazard for which the Post-Sale Consolidated Complaint seeks relief. *Id*. These include allegations of *fuel pump*, *power steering*, *master power door switch module*, *transmission cable fracture*, *and brake light* hazards in their vehicles that they claim GM knew about but failed to disclose to them. *Id*. at 9-11. While each of these hazards is alleged in the Consolidated Complaints, no relief is sought for them whatsoever in the Pre-Sale Consolidated Complaint, and no relief is sought for them in the Post-Sale Consolidated Complaint distinct from the brand degradation claim asserted on behalf of all post-sale purchasers, regardless of whether their GM car contained any safety hazard or not. *Id*. at 12-15.

2) Certain Plaintiffs allege that facts showing that New GM and other parties engaged in a conspiracy to conceal safety hazards; the *Elliott* and *Sesay* Plaintiffs allege a pattern of racketeering on the part of New GM and its co-conspirators. *Id*. at n.18.

3) Certain Plaintiffs allege that they have suffered injuries not alleged in the Consolidated Complaints, including the imposition of increased risk of death or serious bodily injury, the loss of full use of their vehicles, and economic loss not tied to any purchase decision, or to allegations that they paid too much for their cars. *Id*. at 8. The Pre-Sale Consolidated Complaint may be construed to allege the same kind of economic loss, but the Post-Sale Consolidated Complaint makes no similar allegations. *Id*. at 13-15.

**Distinct Legal Claims:**

1) While the Pre-Sale Consolidated Complaint contains extensive allegations that New GM is laible as a successor for continuing the business of Old GM, and asserts claims against New GM on that basis for pre-Sale purchasers, the Post-Sale Consolidated Complaint makes no such successor liability claims against New GM on behalf of post-sale purchasers of cars

3

manufactured by Old GM. Certain Plaintiffs intend to seek leave to amend their complaint once they are free from the threat that seeking any relief regarding pre-petition cars is contemptuous of the 2009 Sale Order and Injunction. *See* the Bankruptcy Court's Decision With Respect To No Stay Pleading, And Related Motion For Abstention (*Sesay* Plaintiffs), 09-bk-50026, Doc. No. 12989 at 8 n. 13, 11 (Nov. 10, 2014).

2) Certain Plaintiffs allege, but the Consolidated Complaints do not, that a legal basis for New GM's duties to disclose safety hazards is its common law obligations as the possessor of unique information that another faces risk or death or serious bodily injury to disclose that fact.

3) Certain Plaintiffs allege, but the Consolidated Complaints do not, claims for violations of RICO, and for the negligent infliction of increased risk and economic loss for Maryland and D.C. residents.

4) Certain Plaintiffs' factual allegations of injuries that are not connected with purchase decisions puts their claims on a different footing in relation to the New GM's attempt to enforce the 2009 Sale Order and injunction to bar their claims. While the Pre-Sale Consolidated Complaint may be construed to assert similar claims, the Post-Sale Consolidated Complaint makes no similar allegations.

5) The Pre-Sale Consolidated Complaint purports to make claims under D.C. law but names no person with standing to bring such claims. Neither Consolidated complaint seeks representative status under D.C. law, as Certain Plaintiffs who are D.C. residents seek, and neither seeks the broad injunctive relief under D.C. law that Certain Plaintiffs seek.

**Conclusion**

4

Because Certain Plaintiffs make distinct factual and legal allegations that are well-taken in law and fact, and that set forth plausible grounds for relief, their claims should not be dismissed on account of the filing of the Consolidated Complaints in these actions.

DATED: January 2, 2015                    Respectfully submitted,

                                                   /s/_____
                                                 Gary Peller
                                                 600 New Jersey Avenue, N.W.
                                                 Washington, DC 20001
                                                 (202) 662-9122
                                                 Counsel for Plaintiffs Celestine Elliott, Lawrence Elliott, Berenice Summerville, Ishmail Sesay, Joanne Yearwood, Sharon Bledsoe, Cina Farmer, Paul Fordham, Momoh Kanu, Tynesia Mitchell, Dierra Thomas and James Tibbs